```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                    :
UNITED STATES OF AMERICA            :
                                    :
          v.                        :   INDICTMENT
                                    :
                                    :   S10 07 Cr. 971 (RPP)
HUGHIE GRAY,                        :
  a/k/a "Hugh Goldson,"             :
  a/k/a "Michael Grant,"            :
LLOYD REID,                         :
  a/k/a "Kevin," and                :
PETER BROWN,                        :
  a/k/a "Pretty,"                   :
                                    :
                                    :
              Defendants.           :
- - - - - - - - - - - - - - - - - -x
```



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 1 4 2008

## COUNT ONE

The Grand Jury charges:

1.   From at least in or about April 2006 up to and including in or about October 2007, in the Southern District of New York and elsewhere, HUGHIE GRAY, a/k/a "Hugh Goldson," a/k/a "Michael Grant," LLOYD REID, a/k/a "Kevin," and PETER BROWN, a/k/a "Pretty," the defendants, and others known and unknown, unlawfully intentionally, and knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

2.   It was a part and an object of the conspiracy that HUGHIE GRAY, a/k/a "Hugh Goldson," a/k/a "Michael Grant," LLOYD REID, a/k/a "Kevin," and PETER BROWN, a/k/a "Pretty," the defendants, and others known and unknown, unlawfully,

1

intentionally, and knowingly would and did distribute, and possess with intent to distribute, a controlled substance, to wit, 1,000 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Sections 812, 841(a)(1), and 841(b)(1)(A) of Title 21, United States Code.

### OVERT ACTS

3. In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. On or about June 7, 2007, HUGHIE GRAY, a/k/a "Hugh Goldson," a/k/a "Michael Grant," the defendant, had a telephone conversation with LLOYD REID, a/k/a "Kevin," the defendant, concerning a marijuana transaction.

    b. On or about June 12, 2007, HUGHIE GRAY, a/k/a "Hugh Goldson," a/k/a "Michael Grant," the defendant, had a telephone conversation with a co-conspirator not named as a defendant herein ("CC-1"), concerning a marijuana transaction.

    c. On or about June 13, 2007, HUGHIE GRAY, a/k/a "Hugh Goldson," a/k/a "Michael Grant," the defendant, had a telephone conversation with a co-conspirator not named as a defendant herein ("CC-2"), concerning a marijuana transaction.

    d. On or about June 14, 2007, HUGHIE GRAY, a/k/a "Hugh Goldson," a/k/a "Michael Grant," the defendant, had a

telephone conversation with a co-conspirator not named as a defendant here in ("CC-3"), concerning a marijuana transaction.

  e. On or about June 21, 2007, two co-conspirators not named as a defendants herein ("CC-4" and "CC-5"), placed a spare tire containing approximately $239,985 in United States currency underneath a blue Suburban sport utility vehicle, which vehicle was then placed on a car carrier in Brooklyn, New York.

  f. On or about August 1, 2007, CC-4 and CC-5 carried a cardboard box containing over 100 pounds of marijuana out of a residence located in Jamaica, New York.

  g. On or about August 8, 2007, HUGHIE GRAY, a/k/a "Hugh Goldson," a/k/a "Michael Grant," the defendant, had a telephone conversation with a co-conspirator not named as a defendant herein ("CC-6"), concerning a marijuana transaction.

  h. On or about August 8, 2007, LLOYD REID, a/k/a "Kevin," the defendant, had a telephone conversation with a co-conspirator not named as a defendant herein ("CC-7"), concerning a plan to rob another individual of two hundred pounds of marijuana.

  i. On or about August 16, 2007, a co-conspirator not named as a defendant herein ("CC-8"), possessed marijuana samples and approximately $2,000 in United States currency, in the Los Angeles, California area.

  j. On or about August 16, 2007, PETER BROWN, a/k/a "Pretty," the defendant, was present in the Los Angeles,

California area for purposes of conducting a marijuana transaction.

k.   On or about September 26, 2007, a co-conspirator not named as a defendant herein ("CC-9"), drove to a trucking company located in Jamaica, New York, where CC-9 entered the cabin of a tractor trailer (the "Tractor Trailer").

l.   On or about September 29, 2007, a co-conspirator not named as a defendant herein ("CC-10"), drove the Tractor Trailer, which had traveled through the Bronx, New York, on or about September 28, 2007, through the Cooksville, Tennessee area, with approximately $531,000 in United States currency contained within the Tractor Trailer's cabin.

(Title 21, United States Code, Section 846.)

COUNT TWO

4.   From at least in or about April 2006 up to and including in or about October 2007, in the Southern District of New York, HUGHIE GRAY, a/k/a "Hugh Goldson," and LLOYD REID, a/k/a "Kevin," the defendants, unlawfully, willfully, and knowingly possessed firearms in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit, GRAY and REID possessed firearms in furtherance of the drug trafficking crime charged in Count One of this Indictment.

(Title 18, United States Code, Sections 924(c) and 2.)

FORFEITURE ALLEGATION

5. As a result of committing the controlled substance offense alleged in Count One of this Indictment, HUGHIE GRAY, a/k/a "Hugh Goldson," a/k/a "Michael Grant," LLOYD REID, a/k/a "Kevin," and PETER BROWN, a/k/a "Pretty," the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Information, including but not limited to: (1) $531,000 in United States currency that was seized from CC-10 on or about September 29, 2007, in connection with a car stop in Tennessee; (2) $285,960 in United States currency that was seized from CC-4 and CC-5's residence, in Queens, New York, on or about June 21, 2007; (4) $239,985 that was seized from a tractor-trailer located in Spring Valley, New York on or about June 21, 2007 and (4) a sum of money equal to $460,000 of United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count One.

Substitute Asset Provision

6. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants --

5

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third person;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1), 846 and 853.)

_____
FOREPERSON

_____
MICHAEL J. GARCIA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

HUGHIE GRAY,
a/k/a "Hugh Goldson,"
a/k/a "Michael Grant,"
LLOYD REID,
a/k/a "Kevin," and
PETER BROWN,
a/k/a "Pretty,"

Defendants.

**SEALED**
**INDICTMENT**

S10 07 Cr. 971

(21 U.S.C. § 846; 18 U.S.C. § 924(c))

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

Foreperson: