UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
    UNITED STATES OF AMERICA

           - v. -
                                  S10 07 Cr. 971 (RPP)
    LLOYD REID,
      a/k/a "Kevin,"

              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## GOVERNMENT'S PROPOSED
## EXAMINATION OF PROSPECTIVE JURORS


                                                MICHAEL J. GARCIA
                                                United States Attorney
                                                Southern District of New York
                                                Attorney for the United States
                                                    of America

Jocelyn E. Strauber
John T. Zach

Assistant United States Attorneys
      - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
  UNITED STATES OF AMERICA                          :
                                                    :
          - v. -                                    :
                                                    :   S10 07 Cr. 971 (RPP)
  LLOYD REID,                                       :
     a/k/a "Kevin,"                                 :
                                                    :
                  Defendant.                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## GOVERNMENT'S PROPOSED
## EXAMINATION OF PROSPECTIVE JURORS

       The Government respectfully requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors. The Court is requested to pursue more detailed questioning at the sidebar or in the robing room if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against either the Government or the defendant.

### The Charge

       1.    This is a criminal case. LLOYD REID, a/k/a "Kevin," the defendant, has been charged in an Indictment with engaging in a conspiracy to violate the federal narcotics laws. The Indictment was filed by a grand jury sitting in this District.

       2.    The Indictment is not evidence. It simply contains the charge that the Government is required to prove to the satisfaction of the jury beyond a reasonable doubt. I would like to summarize the charge in the Indictment to determine whether there is anything

about the nature of this case that may make it difficult or inappropriate for any of you to serve on the jury.

3.      The Indictment contains two counts.  Count One charges that from in or about April 2006, up to and including in or about October 2007, the defendant conspired with others to distribute, and to possess with intent to distribute, marijuana — specifically, more than 1000 kilograms of marijuana.  Count Two charges that the defendant possessed a firearm in furtherance of the drug trafficking crime charged in Count One of the Indictment.

Do any of you believe you have personal knowledge of the charge contained in the Indictment as I have described it?

**Nature of the Charge**

5.      As you can tell from my description of the charge, during the trial, you will hear evidence concerning firearms and the possession and sale of narcotics.  Does the fact that the charges involve narcotics affect your ability to render a fair verdict?

6.      Do any of you have any opinion about the enforcement of the federal drug laws, or the laws concerning marijuana specifically, or the federal firearms laws, that might prevent you from being fair and impartial in this case?  Do any of you believe that the unlawful distribution of marijuana should not be illegal, or that the laws governing these crimes should not be enforced?  Do any of you believe that the federal firearms laws should not be enforced?

7.      Do any of you have any opinion about the enforcement of the federal narcotics laws, or the federal firearms laws, that might prevent you from being fair and impartial in this case?

8. Has anyone been involved in an offense involving narcotics or firearms? Has anyone's relative, close friend or associate been involved in an offense involving narcotics or firearms? Have any of you, or any member of your family, or any of your close friends, had any experiences of any kind, directly or indirectly, with narcotics or firearms?

9. Do any of you feel that you could not decide fairly and impartially a case involving a charge concerning the firearms and the distribution or possession of narcotics, namely, marijuana?

## Knowledge of the Trial Participants

10. The defendant in this case is LLOYD REID, a/k/a "Kevin." [*Please ask the defendant to rise*.]

Do any of you know, or have you had any dealings, directly or indirectly, with the defendant, or with any relative, friend or associate of the defendant?

11. To your knowledge, do any of your relatives, friends, associates, or employers know the defendants?

12. The defendant is represented at this trial by Jeremy Schneider and Anne Cantor. [*Please ask defense counsel to stand.*] Do any of you know any of the defense attorneys?

13. The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, who is Michael J. Garcia. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Jocelyn Strauber and John Zach. *[Please ask Government counsel to stand]*. Ms. Strauber and Mr. Zach will be assisted by Special Agents Eric Baldus and Karen Mogavero

of the Drug Enforcement Administration *[Please ask Special Agents Baldus and Mogavero to stand]* and Samantha Dworkin, a paralegal in the United States Attorney's Office *[Please ask Ms. Dworkin to stand]*.  Do any of you know Mr. Garcia, Ms. Strauber, Mr. Zach, Special Agent Baldus, Special Agent Mogavero, or Ms. Dworkin?  Have you or your family members or close friends had any dealings, either directly or indirectly, with any of them?

14.    I will now read a list of names of individuals whose names may be mentioned during the trial, or who may be witnesses in this case.

*[A list of relevant names will be provided.]*

Do any of you know any of these people?  Have you had any dealings either directly or indirectly with any of these individuals?

**Relevant Location**

15.    The conduct at issue in this case took place in the vicinity of the following locations:

*[A list of relevant locations will be provided .]*

Does any juror know of, or has any juror visited, these locations?

**Relationship with Government**

16.    Do any of you know, or have any association — professional, business, or social, direct or indirect — with any member of the staff of the United States Attorney's Office for the Southern District of New York, the U.S. Drug Enforcement Administration, the New York State Police or the New York City Police Department?  Is any member of your family employed by any law enforcement agency, whether federal, state, or local?

17. Has any juror, either through any experience he or she has had, or anything he or she has seen or read, developed any bias, prejudice or other feelings for or against the United States Attorney's Office, the U.S. Drug Enforcement Administration, the New York State Police, or the New York City Police Department or any other law enforcement agency?

18. Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States, including the U.S. Drug Enforcement Administration? Have any of you had any legal, financial or other interest in any such legal action or dispute, or its outcome?

19. Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with the New York State Police, the New York City Police Department or any other law enforcement agencies? Have any of you had any legal, financial or other interest in any such legal action or dispute, or its outcome?

20. Has any juror, either through any experience he or she has had or anything he or she has seen or read, developed any bias or prejudice for or against the United States Attorney's Office for the Southern District of New York, the U.S. Drug Enforcement Administration, the New York State Police, the New York City Police Department, or any other law enforcement agency?

**Prior Jury Service**

21. Have you ever, at any time, served as a member of a grand jury, whether in federal, state, county or city court? If so, when and where did you serve?

22. Have you ever served as a juror in a trial in any court? If so, when, and in what court did you serve, and was it a civil or criminal case? What was the nature of the case? Without saying what it was, did the jury reach a verdict?

**Experience as a Witness, Defendant, or Crime Victim**

23. Have any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency?

24. Have you, or any of those close to you, ever been questioned in any matter by a federal, state, or local law enforcement agency?

25. Have you ever been a witness or a complainant in any federal or state prosecution?

26. Are you, or is any member of your family, any associate or close friend, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

27. Have you, or has any member of your family, any associate or close friend, ever been charged with a crime?

28. Have you, or have any of your relatives, associates, or close friends ever been the subject of any investigation or accusation by any federal or state grand jury, or by any congressional committee?

29. Have you, or any of your close friends or relatives, ever been a victim of a crime? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each crime*.]

30. Have you, or any of your close friends or relatives, ever been stopped or interrogated by a member of the New York State Police, the New York City Police Department, the Drug Enforcement Administration, or any other law enforcement agency? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each incident and that prospective juror's reaction to how he or she was treated by the respective agency*.]

**Views on Witnesses and Investigative Techniques**

31. <u>Law enforcement witnesses.</u>  The witnesses in this case may include law enforcement personnel, such as special agents of the DEA and officers or detectives of the New York City Police Department and the New York State Police.  Would you be more likely to believe or disbelieve a witness merely because he or she is a law enforcement officer?

32. <u>Accomplice Witnesses</u>.  You may hear testimony in this case from accomplice witnesses, that is, witnesses who at one time were involved in illegal activity, but who have now pled guilty to various crimes and are testifying on behalf of the Government pursuant to a cooperation agreement.  I instruct you that the use of such accomplice witnesses is perfectly legal and is often a necessary law enforcement tool.  Do any of you have any experience with or feelings about the use of accomplice witnesses generally, or the use of evidence or information obtained from accomplice witnesses, that would make it difficult for

you to render a fair and impartial verdict if you heard testimony from an accomplice witness?

33.   Expert Witness.  You may hear testimony in this case by an expert witness.  Have any of you had any experiences with experts, or do you have any general feelings about the use of experts, that would make it difficult for you to render a wholly fair and impartial verdict?

34.   Particular Types of Evidence.  Does anyone have any expectations about whether certain types of evidence, such as DNA or fingerprint analysis, should be presented by the Government at a criminal trial?  Would any of you be unable to follow my instructions that the Government is not required to use any particular technique investigating and presenting evidence of a crime?

35.   Persons not on trial.  The defendants are charged with acting with others.  Those other individuals are not on trial here.  You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from that fact.  You also may not speculate as to the reason why other persons are not on trial.  Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

36.   In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior questions, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly, and impartially in this case and to render a true

and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained?

### Other Questions

37. Do any of you have problems with your hearing or vision that would prevent you from giving full attention to all the evidence at this trial?

38. Are any of you taking any medication, or do any of you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

39. Do any of you have any difficulty in reading or understanding English in any degree?

40. Do any of you have any religious, philosophical or other beliefs that would

make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

### Function of the Court and Jury

41. The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact-finder. When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions. You may not substitute your own notions of what the law is, or what you think it should be. At the conclusion of the case, your job will be to determine whether or not the defendant is guilty as charged in the Indictment. Does any juror have any bias or prejudice that might prevent or hinder him or her from accepting the instructions of law that I will give you in this case?

42. Will each of you accept the proposition that the question of punishment is for the Court alone to decide, and that the possible punishment must not enter into your deliberations as to whether the defendant is guilty or innocent?

43. Will each of you accept the proposition of law that sympathy must not enter into the deliberations of the jurors as to guilt or innocence of the defendant, and that only the evidence produced here in court may be used by you to determine the guilt or innocence of the defendant?

44. It is not a particularly pleasant duty to find another individual guilty of committing a crime. Is there anyone who feels that even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

### Other Biases

45. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly and impartially in this case, and to render a true and just verdict without fear, favor, sympathy or prejudice, and according to the law as it will be explained to you?

### Juror's Background

46. The Government respectfully requests that the Court ask each juror to state the following information:

  a.  the juror's age;

  b.  the juror's family status (including whether the juror has any children or grandchildren and, if so, the ages of the children);

  c.  the area in which the juror resides and any other area the juror has resided during the last 10 years;

  d.  where the juror was born;

  e.  the juror's educational background, including the highest degree obtained;

  f.  whether the juror has served in the military;

  g.  the juror's occupation;

  h.  the name and general location of the juror's employer, and the period of employment with that employer;

  i.  the same information concerning other employment within the last five years;

  j.  the same information with respect to the juror's spouse and any working children (only current employer);

  k.  what newspapers and magazines the juror reads and how often;

  l.  what television programs the juror regularly watches; and

  m.  the juror's hobbies and leisure-time activities.

### **Requested Instruction Following Impaneling of the Jury**

47. From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. The rule about not discussing the case with others includes discussions even with members of your own family, and your friends.

   48. If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk. In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, not even to offer a friendly greeting. So if you happen to see any of them outside this courtroom, they will, and should, ignore you. Please do not take offense. They will be acting properly by doing so.

Dated: New York, New York
    September 8, 2008

           Respectfully submitted,

           MICHAEL J. GARCIA
           United States Attorney for the
           Southern District of New York
           Attorney for the United States
           of America

      By:  /s/
           Jocelyn E. Strauber
           John T. Zach
           Assistant United States Attorneys
           (212) 637-24735/2410

## **AFFIRMATION OF SERVICE**

JOHN T. ZACH deposes and says that he is employed in the Office of the United States Attorney for the Southern District of New York, and that on September 8. 2008, he caused a copy of the within Government's Proposed Requests to Charge to be served electronically on:

>Jeremy Schneider
>Rothman, Schneider, Soloway & Stern LLP
>100 Lafayette Street, Suite 501
>New York, NY 10013

by causing a copy of same to be served and filed via the Court's electronic case filing system, and by electronic mail.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       September 8, 2008

                                        _____/s/_____
                                         John T. Zach

13