UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                               :
UNITED STATES OF AMERICA                                       :
                                                               :
            - v. -                                             :
                                                               :         S10 07 Cr. 971 (RPP)
                                                               :
LLOYD REID,                                                    :
     a/k/a "Kevin,"                                            :
                                                               :
                                                               :
            Defendant.                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x


**<u>GOVERNMENT'S PROPOSED REQUESTS TO CHARGE</u>**


                                        MICHAEL J. GARCIA
                                        United States Attorney for the
                                        Southern District of New York
                                        Attorney for the United States
                                                of America

Jocelyn E. Strauber
John T. Zach

Assistant United States Attorneys
        - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

        - v. -

                                           S10 07 Cr. 971 (RPP)

LLOYD REID,
  a/k/a "Kevin,"

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## GOVERNMENT'S PROPOSED REQUESTS TO CHARGE

        Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the Jury.

## TABLE OF CONTENTS

PAGE

REQUEST NO. 1     General Requests ................................................................ .........1

REQUEST NO. 2     The Indictment ................................................................ .........2

REQUEST NO. 3     Summary of the Indictment ................................................. .........3

**COUNT I**

REQUEST NO. 4     General Instructions: Conspiracy to Distribute or Possess with
Intent to Distribute a Controlled Substance (21 U.S.C. § 846) ............ .........4

REQUEST NO. 5     Elements of Conspiracy ...................................................... .........6

REQUEST NO. 6     Conspiracy to Distribute or Possess with Intent
to Distribute a Controlled Substance – First Element,
Existence of the Conspiracy ............................................... .........8

REQUEST NO. 7     Conspiracy to Distribute or Possess with Intent
to Distribute a Controlled Substance – Second Element,
Membership in the Conspiracy ............................................ .......13

REQUEST NO. 8     Conspiracy to Distribute or Possess with Intent
to Distribute a Controlled Substance – Overt Acts ................................ .......17

REQUEST NO. 9     Conspiracy to Distribute or Possess with Intent
to Distribute a Controlled Substance – Time of Conspiracy . . . . . . . . . .......18

**COUNT II**

REQUEST NO. 10     Possession of a Firearm in
Furtherance of a Drug Trafficking Crime:
General Instructions (18 U.S.C. § 924(c)) ..................................................... 19

REQUEST NO. 11     Possession of a Firearm in
Furtherance of a Drug Trafficking Crime:
Elements of the Offense ................................................................ 20

REQUEST NO. 12     Possession of a Firearm in
Furtherance of a Drug Trafficking Crime:
First Element – Knowing Possession ........................................................ 21

REQUEST NO. 13    Possession of a Firearm in
                  Furtherance of a Drug Trafficking Crime:
                  Second Element – "In Furtherance
                  of a Drug Trafficking Crime" ........................................................ 22

REQUEST NO. 14    Acts and Statements of Co-Conspirator ...................................24

REQUEST NO. 15    Drug Quantity ...........................................................................26

REQUEST NO. 16    Venue ........................................................................................28

REQUEST NO. 17    Defendant's Testimony ..............................................................29

REQUEST NO. 18    Defendant's Right Not To Testify ..............................................30

REQUEST NO. 19    Use of Evidence Obtained Pursuant to a Search Warrant.............31

REQUEST NO. 20    Use of Recordings and Transcripts................................................32

REQUEST NO. 21    Similar Act Evidence.....................................................................34

REQUEST NO. 22    Law Enforcement Witnesses ......................................................35

REQUEST NO. 23    Expert Testimony............................................................................36

REQUEST NO. 24    Cooperator Testimony ................................................................37

REQUEST NO. 25    Cooperator Testimony - Guilty Plea ........................................40

REQUEST NO. 26    Particular Investigative Techniques Not Required ................41

REQUEST NO. 27    Preparation Of Witnesses ..........................................................42

REQUEST NO. 28    Uncalled Witness - Equally Available Or Unavailable
                  To Both Sides ...........................................................................43

REQUEST NO. 29    Persons Not On Trial ..................................................................44

REQUEST NO. 30    Stipulations ................................................................................45

REQUEST NO. 31    Conclusion ...................................................................................46

## **REQUEST NO. 1**

### **General Requests**

The Government respectfully requests that the Court provide its usual instructions

with respect to the following matters:

a.      Function of Court and Jury

b.      All Parties as Equals Before the Court

c.      What Is and Is Not Evidence

d.      Rulings on Evidence and Objections

e.      Burden of Proof and Presumption of Innocence

f.      Reasonable Doubt

g.      Government Treated Like Any Other Party

h.      Definitions and Examples of Direct and Circumstantial Evidence

i.      Inferences

j.      Credibility of Witnesses

k.      Interest in Outcome

l.      Right to See Exhibits and Have Testimony Read During Deliberations

m.      Sympathy:  Oath as Jurors

n.      Punishment Is Not to Be Considered by the Jury

o.      Consider Each Count Separately

p.      Verdict of Guilt or Innocence Must be Unanimous

## **REQUEST NO. 2**

### **The Indictment**

The defendant is formally charged in an Indictment.  The Indictment is a charge or accusation.  It is not evidence.  I will first summarize the count that is charged in the Indictment, and then I will explain in detail the elements of the charged offense.

2

## REQUEST NO. 3

### Summary Of The Indictment

Count One of the Indictment charges that from in or about April 2006, up to and including in or about October 2007, LLOYD REID, a/k/a "Kevin," the defendant, conspired with others to distribute, or possess with the intent to distribute, 1000 kilograms or more of marijuana, which is an illegal substance.

Count Two of the Indictment charges that, from in or about April 2006, up to and including in or about October 2007, LLOYD REID, a/k/a "Kevin," the defendant, possessed a firearm in furtherance of the drug trafficking crime charged in Count One.

## REQUEST NO. 4

### Count One - General Instructions (21 U.S.C. § 846)

Count One of the Indictment charges LLOYD REID, a/k/a "Kevin," the defendant, with participating in a conspiracy to violate the narcotics laws of the United States. The Indictment charges, and I am reading now from the Indictment, that:

> *[The Court is respectfully requested to read the Indictment, up to the overt acts]*

The Indictment also lists certain overt acts that are alleged to have been committed in furtherance of the conspiracy, as well as the particular statute alleged to have been violated.

As I said before, the defendant is charged with having been a member of a conspiracy to violate the federal drug laws. A conspiracy is a kind of criminal partnership — an agreement of two or more persons to join together to accomplish some unlawful purpose. The crime of conspiracy — or agreement — to violate a federal law, as charged in this Indictment, is an independent offense. It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

Indeed, you may find a defendant guilty of the crime of conspiracy to violate the federal narcotics laws even if you find that the substantive crimes that were the objects of the conspiracy

4

were never actually committed.  Congress has deemed it appropriate to make conspiracy, standing

alone, a separate crime, even if the conspiracy is not successful.

> Adapted from the charges of the Honorable John G. Koeltl in <u>United States</u> v. <u>Alvarado-Matriller</u>, 94 Cr. 723 (JGK) (S.D.N.Y. 1995), and the Honorable Harold Baer in <u>United States</u> v. <u>Martinez</u>, 97 Cr. 313 (HB) (S.D.N.Y. 1997).

> <u>See</u> <u>United States</u> v. <u>Labat</u>, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.").

**REQUEST NO. 5**

**Count One - Elements Of Conspiracy**

In order to sustain its burden of proof with respect to the conspiracy charged in the Indictment, the Government must prove beyond a reasonable doubt the following two elements:

First, the existence of the conspiracy charged in the Indictment.  In other words, the Government must prove that there was, in fact, an agreement or understanding to violate those provisions of the law that make it illegal to distribute narcotics, or possess narcotics with the intent to distribute them.  Therefore, the first question for you is:  Did the conspiracy alleged in the Indictment exist?

Second, the Government must prove beyond a reasonable doubt that the defendant knowingly participated in the conspiracy.  That is, the Government must prove that the defendant knowingly associated himself with the conspiracy, and participated in the conspiracy to distribute, or possess with the intent to distribute, marijuana.

Now let us separately consider the two elements.  First, the existence of the conspiracy; and second, whether the the defendant knowingly associated himself with, and participated in, the conspiracy.

> Adapted from the charges of the Honorable John G. Koeltl in United States v. Alvarado-Matriller, 94 Cr. 723 (JGK) (S.D.N.Y. 1995), and the Honorable Harold Baer in United States v. Martinez, 97 Cr. 313 (HB) (S.D.N.Y. 1997).
>
> The Government notes that under Section 846, it is not necessary for the Government to allege or prove even one overt act.  See United States v. Shabani, 115 S.Ct. 382, 385 (1994) (Government need not prove commission of any overt acts in furtherance of conspiracy in violation of section 846 conspiracy); United States v. Story, 891 F.2d

988, 992 (2d Cir. 1989) ("The only elements of a section 846 narcotics conspiracy offense are the existence of a conspiracy and defendant's willful joining it."); United States v. Knuckles, 581 F.2d 305, 311 (2d Cir.), cert. denied, 439 U.S. 986 (1978); United States v. Bermudez, 526 F.2d 89, 94 (2d Cir. 1975), cert. denied, 425 U.S. 970 (1976).

## REQUEST NO. 6

### Count One - First Element -- Existence Of The Conspiracy

Starting with the first element, what is a conspiracy?  As I mentioned just a few minutes ago, a conspiracy is an agreement or an understanding, between two or more persons to accomplish by joint action a criminal or unlawful purpose.  In this instance, the unlawful purpose alleged to be the object of the conspiracy alleged in the Indictment is the distribution, or possession with the intent to distribute, marijuana.

The gist, or the essence, of the crime of conspiracy is the unlawful agreement between two or more people to violate the law.  As I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not required.

The conspiracy alleged here in the Indictment, therefore, is the agreement to distribute marijuana, or the agreement to possess marijuana with the intent to distribute it.  It is an entirely distinct and separate offense from the actual distribution of marijuana, or the actual possession of marijuana with the intent to distribute it.

Now, to show a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details.  Common sense tells you that when people agree to enter into a criminal conspiracy, much is left to the unexpressed understanding.  It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.

In order to show that a conspiracy existed, the evidence must show that two or more persons, in some way or manner, either explicitly or implicitly, came to an understanding to violate the law and to accomplish an unlawful plan.

8

If you find beyond a reasonable doubt that two or more persons came to an understanding, express or implied, to violate the law and to accomplish an unlawful plan, then the Government will have sustained its burden of proof as to this element.

In determining whether there has been an unlawful agreement as alleged in the Indictment, you may consider the actions of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose. The old adage, "actions speak louder than words," applies here. Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual co-conspirators. When taken all together and considered as a whole, however, that conduct may warrant the inference that a conspiracy existed just as conclusively as more direct proof, such as evidence of an express agreement.

So, you must first determine whether or not the proof established beyond a reasonable doubt the existence of the conspiracy charged in the Indictment. In considering this first element, you should consider all the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator, and any inferences that may reasonably be drawn from that conduct and those statements. It is sufficient to establish the existence of a conspiracy, as I have already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way, to accomplish the objective of the conspiracy charged in the Indictment.

Objective of Conspiracy

The objective of a conspiracy is the illegal goal that the co-conspirators agree or hope to achieve. The Indictment here charges that the conspiracy had one objective: (1) the distribution, or possession with the intent to distribute, of marijuana. I instruct you that the Government need not prove that the defendant both distributed, and possessed with the intent to distribute, marijuana, in

9

order to determine that this was an object of the conspiracy. I will explain this crime in a moment, so that you can decide whether the Government has proven that this crime was an objective of the conspiracy you may find to have existed. An agreement to accomplish either part of the objective of that conspiracy — that is, either to distribute <u>or</u> to possess with the intent to distribute — is sufficient. However, if you do not find beyond a reasonable doubt that one part of the objective was proven, you must be unanimous as to the part of the objective you do find in order for you to determine that this element was proven beyond a reasonable doubt.

Now, let me define some of the terms contained in the Indictment. Let me start with the terms, "distribution" and "possession with intent to distribute."

<u>"Distribution"</u>

The word "distribution" means the actual, constructive or attempted transfer of a controlled substance. "Distribution" includes delivering, passing or handing over something to another person, or causing something to be delivered, passed on, or handed over to another person. Distribution does not require a sale.

<u>"Possession With Intent to Distribute"</u>

What does "possession with intent to distribute" mean?

We begin with the concept of "possession." The legal concept of possession may differ from the everyday usage of the term, so let me explain it in some detail. Actual possession is what most of us think of as possession; that is, having physical custody or control of an object, as I possess this pen. If you find that the defendant had the controlled substance on his person, therefore, you may find that he had possession of it. However, a person need not have actual, physical possession — that is, physical custody of an object — to be in legal possession of it. If an individual has the ability to exercise substantial control over an object, even if he does not have the object in his

10

physical custody at a given moment, and that person has the intent to exercise such control, then he is in legal possession of that article. This is called "constructive possession."

Control over an object may be demonstrated by the existence of a working relationship between one person having the power or ability to control the item, and another person who has actual physical custody. The person having control "possesses" the controlled substance because he has an effective working relationship with the people who have actual physical custody of the controlled substance and because he can direct the movement or transfer or disposition of the controlled substance. In addition, an individual may have possession of an item that is not found on his person, because that individual has a relationship to the location where the item is maintained. In this manner, for example, a person may legally possess things that are in his or her house or car.

More than one person can have control over the same narcotics. The law recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If more than one person has possession of it, as I have defined possession for you, then possession is joint.

That is what is meant by "possession." In order to prove "possession with intent to distribute," the Government must prove beyond a reasonable doubt that it was a goal of the conspiracy to possess a controlled substance with a purpose to transfer it to another person.

Adapted from the charges of the Honorable John G. Koeltl in United States v. Alvarado-Matriller, 94 Cr. 723 (JGK) (S.D.N.Y. 1995), and the Honorable Harold Baer in United States v. Martinez, 97 Cr. 313 (HB) (S.D.N.Y. 1997). See also Sand et al., Modern Federal Jury Instructions, Instr. 56-9, 56-12, and 56-13.

See United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice. The conspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the

plan, and their goals need not be congruent, so long as they are not at cross-purposes.") (citations omitted); <u>United States</u> v. <u>Montour</u>, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the government need not present evidence of a formal arrangement between the co-conspirators.  Rather, it is sufficient if the government can demonstrate that the defendant acted together with others to realize a common goal") (citations omitted).  <u>See</u> <u>also</u> <u>United States</u> v. <u>Rubin</u>, 844 F.2d 979, 983-84 (2d Cir. 1988) (generally discussing proof of agreement).

<u>**REQUEST NO. 7**</u>

<u>**Count One - Second Element -- Membership In The Conspiracy**</u>

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in the Indictment existed, then you must next determine the second question: Whether the defendant participated in the conspiracy with knowledge of its unlawful purpose, and in furtherance of its unlawful objective.

The Government must prove beyond a reasonable doubt the defendant knowingly and intentionally entered into the conspiracy with a criminal intent — that is, with a purpose to violate the law — and that the defendant agreed to take part in the conspiracy to promote and cooperate in its unlawful objectives.

<u>"Unlawfully," "Intentionally" and "Knowingly" Defined</u>

The terms "unlawfully," "intentionally" and "knowingly" are intended to ensure that if you find that the defendant did join the conspiracy, you also conclude beyond a reasonable doubt that, in doing so, he knew what he was doing; in other words, that he took the actions in question deliberately and voluntarily.

An act is done "knowingly" and "intentionally" if it is done deliberately and purposely; that is, the defendant's acts must have been the product of the defendant's conscious objective, rather than the product of a mistake or accident, or mere negligence, or some other innocent reason.

"Unlawfully" simply means contrary to law. The defendant need not have known that he was breaking any particular law, but he must have been aware of the generally unlawful nature of his acts.

Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. However, you do have before you the evidence of certain acts and

13

conversations alleged to have taken place with the defendant or in his presence.  The Government contends that these acts and conversations show, beyond a reasonable doubt, the defendant's knowledge of the unlawful purposes of the conspiracy.

The defendant denies that he was a member of the charged conspiracy.  It is for you to determine whether the Government has established to your satisfaction, beyond a reasonable doubt, that such knowledge and intent on the part of the defendant existed.

It is not necessary for the Government to show that the defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on his part.  To have guilty knowledge, a defendant need not know the full extent of the conspiracy, or all the activities of all its participants.  It is not even necessary for a defendant to know every other member of a conspiracy.  In fact, a defendant may know only one other member of a conspiracy and still be a co-conspirator.  Nor is it necessary for a defendant to receive any monetary benefit from his participation in a conspiracy, or have a financial stake in the outcome.  It is enough if he participated in the conspiracy unlawfully, intentionally and knowingly, as I have defined those terms.

The duration and extent of the defendant's participation in the conspiracy has no bearing on the issue of his guilt.  He need not have joined the conspiracy at its outset.  He may have joined at any time in its progress, and he will still be held responsible for all that was done before he joined and all that was done during that conspiracy's existence while he was a member.  Each member of a conspiracy may perform separate and distinct acts.  Some conspirators play major roles, while others play minor roles in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw a defendant within the scope of the conspiracy.

However, I want to caution you that a person's mere association with a member of a conspiracy does not make that person a member of the conspiracy, even when that association is

14

coupled with knowledge that a conspiracy is taking place. Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction. In other words, knowledge without agreement and participation is not sufficient. What is necessary is that a defendant participated in the conspiracy with knowledge of its unlawful purposes, and with an intent to aid in the accomplishment of its unlawful objective.

In sum, the defendant, with an understanding of the unlawful nature of the conspiracy, must have intentionally engaged, advised or assisted in the unlawful objective for the purpose of furthering an illegal undertaking. The defendant thereby becomes a knowing and willing participant in the unlawful agreement — that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members. So, too, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until its termination, unless it is shown by some affirmative proof that he withdrew and disassociated himself from it.

Adapted from the charges of the Honorable John G. Koeltl in United States v. Alvarado-Matriller, 94 Cr. 723 (JGK) (S.D.N.Y. 1995), and the Honorable Harold Baer in United States v. Martinez, 97 Cr. 313 (HB) (S.D.N.Y. 1997), and from Sand, Modern Federal Jury Instructions, Instr. 19-6 and 56-18, and from United States v. Townsend, 987 F.2d 927 (2d Cir. 1993) (defining "intentionally").

See United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence. A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member."). See also United States v. Miranda-Ortiz, 926 F.2d 172, 175-76 (2d Cir.) (generally discussing proof required to show

15

membership in conspiracy), <u>cert</u>. <u>denied</u>, 112 S. Ct. 347 (1991);
<u>United States</u> v. <u>Maldonado-Rivera</u>, 922 F.2d 934, 960 (2d Cir. 1990)
(same), <u>cert</u>. <u>denied</u>, 111 S. Ct. 2858 (1991).

## **REQUEST NO. 8**

## **Count One - Conspiracy To Distribute Or Possess With Intent To Distribute: Overt Acts**

The Indictment also contains a paragraph entitled "Overt Acts."  This section provides an example of conduct undertaken by alleged members of the conspiracy — including LLOYD REID, a/k/a "Kevin,"— to promote the illegal objective of the conspiracy.  That portion of the Indictment alleges:

> *[The Court is respectfully requested to read the "OVERT ACTS"*
> *section of the Indictment.]*

It is not necessary for the Government to prove any specified overt act alleged was committed, so long as the Government proves, as I have explained, the existence of the conspiracy charged in the Indictment and that the defendant was a knowing and intentional member in the conspiracy.  It is not necessary for the Government to allege or prove even one overt act on the part of the defendant, or anyone else.

As noted previously, under Section 846, it is not necessary for the Government to allege or prove even one overt act.  See United States v. Shabani, 115 S.Ct. 382, 385 (1994) (Government need not prove commission of any overt acts in furtherance of conspiracy in violation of section 846 conspiracy); United States v. Story, 891 F.2d 988, 992 (2d Cir. 1989) ("The only elements of a section 846 narcotics conspiracy offense are the existence of a conspiracy and defendant's willful joining it."); United States v. Knuckles, 581 F.2d 305, 311 (2d Cir.), cert. denied, 439 U.S. 986 (1978); United States v. Bermudez, 526 F.2d 89, 94 (2d Cir. 1975), cert. denied, 425 U.S. 970 (1976).

## <u>REQUEST NO. 9</u>

## <u>Count One</u>  - <u>Conspiracy To Distribute Or Possess With Intent To Distribute</u>:  <u>Time of Conspiracy</u>

The Indictment states that the conspiracy charged in the Indictment existed from in or about April 2006, up to and including in or about October 2007.  It is not essential that the Government prove that the conspiracy started and ended on any specific dates.  Indeed, it is sufficient if you find that the conspiracy was formed and existed for some time around the dates set forth in the Indictment.

This is also a good opportunity to instruct you that it does not matter if a specific event or transaction is alleged to have occurred on or about a certain date, and the evidence indicates that in fact it occurred on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the date established by the testimony and other evidence.

> Adapted from the charges of the Honorable John G. Koeltl in <u>United States</u> v. <u>Alvarado-Matriller</u>, 94 Cr. 723 (JGK) (S.D.N.Y. 1995), and the Honorable Harold Baer in <u>United States</u> v. <u>Martinez</u>, 97 Cr. 313 (HB) (S.D.N.Y. 1997).

## REQUEST NO. 10

### Count Two: Possession of a Firearm in Furtherance of a Drug Trafficking Crime – General Instruction

In Count Two, LLOYD REID, a/k/a "Kevin," the defendant, is charged, from at least in or about April 2006, up to and including in or about October 2007, with possessing a firearm in furtherance of the drug trafficking conspiracy charged in Count One.

The relevant statute on this subject is Section 924(c) of Title 18, United States Code. Section 924(c) provides that "any person who, during and in relation to any . . . drug trafficking crime, . . . for which he may be prosecuted in a court of the United States, [or] in furtherance of any such crime, possesses a firearm" shall be guilty of a crime.

Adapted from the charge of the Honorable Peter K. Leisure in United States v. Bradley, S 87 Cr. 1005 (PKL) (S.D.N.Y. 1988), aff'd sub nom United States v. Meggett, 875 F.2d 24 (2d Cir. 1989) (specifically approving charge) and from Sand, Modern Federal Jury Instructions, Instr. 35-67.

**REQUEST NO. 11**
**Count Two: Possession of a Firearm in Furtherance**
**of a Drug Trafficking Crime – Elements Of The Offense**

To prove the defendant guilty on Count Two of the Indictment, the Government must prove each of the following elements beyond a reasonable doubt:

First: That the defendant knowingly possessed a firearm(s); and

Second: That the defendant possessed the firearm(s) in furtherance of a drug trafficking offense which might be prosecuted in a court of the United States.

Adapted from the charge of the Honorable Peter K. Leisure in United States v. Bradley, S 87 Cr. 1005 (PKL) (S.D.N.Y. 1988), aff'd sub nom United States v. Meggett, 875 F.2d 24 (2d Cir. 1989) (specifically approving charge), and from Sand, Modern Federal Jury Instructions, Instr. 35-78.

20

## REQUEST NO. 12
**Count Two: Possession of a Firearm in Furtherance
of a Drug Trafficking Crime**

### First Element – Knowing Possession of a Firearm

The first element the Government must prove beyond a reasonable doubt on Count Two is that LLYOD REID, a/k/a "Kevin," the defendant, knowingly possessed a firearm.

A "firearm" is any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. In considering the specific element of whether the defendant possessed a firearm, it does not matter whether the firearm was loaded or operable at the time of the crime. I have already defined the term "Possession" with respect to Count One. It has the same meaning with respect to Count Two, and you should follow my previous instruction.

As I stated previously, to find that the defendant knowingly possessed a firearm, you must find that he possessed a firearm purposefully and voluntarily and not by accident or mistake. It also means that he knew that the weapon was a firearm as we commonly use the term. However, the Government is not required to prove that the defendant knew that he was breaking the law.

> Adapted from 2 Sand, Modern Federal Jury Instructions, Instr. 35-78, 35-79, and 35-80; and the charge of the Honorable Richard M. Berman in United States v. Cunningham, S2 01 Cr. 1024 (RMB) (S.D.N.Y. 2002). See United States v. Finley, 245 F.3d 199, 203 (2d Cir. 2001) (citing United States v. Munoz, 143 F.3d 632, 637 n.5 (2d Cir. 1998); United States v. Mackey, 265 F.3d 457, 462 (6th Cir. 2001) (citing factors for determining possession in furtherance and examples of innocent possession); United States v. Ceballos-Torres, 218 F.3d 409, 414-15 (5th Cir. 2000) (same); see also United States v. Basham, 268 F.3d 1199, 1206-08 (10th Cir. 2001) (approving instruction listing the eight factors cited above); United States v. Lomax, _ F.3d. _, 2002 WL 1309020, at *3 (4th Cir. June 14, 2002) (citing factors); United States v. Wahl, 290 F.3d 370, 376 (D.C. Cir. 2002) (citing factors).

**REQUEST NO. 13**
**Count Two: Possession of a Firearm in Furtherance**
**of a Drug Trafficking Crime**

Second Element – "In Furtherance
of a Drug Trafficking Crime"

To possess a firearm "in furtherance" of a drug trafficking crime means that the firearm helped promote, accomplish, advance or achieve the goal or objective of the underlying offense. The mere presence of a firearm at the scene of drug trafficking is not enough. The firearm that the defendant possessed must have had some nexus, that is, some purpose or effect, with respect to the underlying drug trafficking offense and have played some part in furthering the crime in order for this element to be satisfied.

For example, you may consider the accessibility of the firearm, whether or not the firearm was loaded, the type of weapon, the legality of its possession, the type of drug activity conducted, whether the firearm was stolen, the time and circumstances in which the firearm was found, and the proximity of the firearm to drugs or drug profits. This list of factors is not exclusive, but it helps to distinguish possession in furtherance of crime from innocent possession, such as a drug-dealer who possesses a wall-mounted antique or an unloaded hunting rifle locked in a cupboard.

LLOYD REID, a/k/a "Kevin," the defendant, is charged in Count One of the Indictment with a conspiracy to distribute marijuana. I instruct you that for the purposes of Count Two, the crime charged in Count One of the Indictment is a drug trafficking crimes for which someone might be prosecuted by a court in the United States.

22

To prove that the defendant possessed a firearm(s) in furtherance of the crime charged in Count One, the Government must prove that the defendant had possession of a firearm(s) and that such possession was in furtherance of the crime charged in Count One.

Adapted from 2 Sand, Modern Federal Jury Instructions, Instr. 35-78, 35-79, and 35-80; and the charge of the Honorable Richard M. Berman in United States v. Cunningham, S2 01 Cr. 1024 (RMB) (S.D.N.Y. 2002). See United States v. Finley, 245 F.3d 199, 203 (2d Cir. 2001) (citing United States v. Munoz, 143 F.3d 632, 637 n.5 (2d Cir. 1998); United States v. Mackey, 265 F.3d 457, 462 (6th Cir. 2001) (citing factors for determining possession in furtherance and examples of innocent possession); United States v. Ceballos-Torres, 218 F.3d 409, 414-15 (5th Cir. 2000) (same); see also United States v. Basham, 268 F.3d 1199, 1206-08 (10th Cir. 2001) (approving instruction listing the eight factors cited above); United States v. Wahl, 290 F.3d 370, 376 (D.C. Cir. 2002) (citing factors); and the charge of the Honorable Peter K. Leisure in United States v. Bradley, S 87 Cr. 1005 (PKL) (S.D.N.Y. 1988), aff'd sub nom United States v. Meggett, 875 F.2d 24 (2d Cir. 1989) (specifically approving charge).

## **REQUEST NO. 14**

## **Count One - Acts and Statements Of Co-Conspirators**

### **[If Applicable]**

You will recall that I have admitted at this trial evidence of the statements of individuals named _____ because they are persons who, the Government claims, were also confederates or co-conspirators of the defendant.

The reason for allowing this evidence to be received against the defendant has to do with the nature of the crime of conspiracy.  As I have said, a conspiracy is often referred to as a partnership in crime.  As in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Therefore, the reasonably foreseeable acts or statements of any member of the conspiracy, committed in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts or statements of all of the members, and all the members are responsible for such acts or statements.

If you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy by a person also found by you to have been a member of the same conspiracy may be considered against the defendant.  This is so even if such acts were committed or such statements were made in the defendant's absence, and without the defendant's knowledge.

However, before you may consider the acts or statements of a co-conspirator in deciding the guilt of the defendant, you must first determine that the acts were committed or statements were made during the existence, and in furtherance, of the unlawful scheme.  If the acts were done or the

statements were made by someone whom you do not find to have been a member of the conspiracy, or if they were not in furtherance of the conspiracy, they may not be considered by you in deciding whether the defendant is guilty or not guilty.

                        Adapted from the charge of the Honorable Michael B. Mukasey in United States v. Salam, S1 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

## **REQUEST NO. 15**

### **Count One - Drug Quantity**

If, and only if, you find that the Government has proved beyond a reasonable doubt that LLOYD REID, a/k/a "Kevin," the defendant, is guilty of participating in a conspiracy that had as its objective the distribution of a controlled substance or possession with intent to distribute a controlled substance, you must then determine what quantity of marijuana the conspiracy involved.

In making this determination, you should include whatever quantity of marijuana was involved in any act or acts in which the defendant personally and directly participated. If you find that the defendant personally and directly participated in a jointly undertaken drug transaction, he is responsible for the full quantity of drugs involved in that transaction.

In making your determination about quantity, however, you should also include any other quantity of marijuana the conspiracy involved so long as that quantity was either known to the defendant or reasonably foreseeable to him, and within the scope of the criminal activity that they jointly undertook.

You need not determine the precise quantity. Instead, if you reach the question of quantity, indicate on the verdict form whether the Government has established that the conspiracy involved a) 1000 kilograms or more of mixtures or substances containing marijuana; b) 100 kilograms or more of mixtures or substances containing marijuana; c) 50 kilograms or more of mixtures or substances containing marijuana; or d) less than 50 kilograms of mixtures or substances containing marijuana.

Your finding as to quantity must be made beyond a reasonable doubt. In addition, it must be unanimous in the sense that all of you must agree that the conspiracy involved at least the quantity you indicate. Thus, for example, if all of you agree that the conspiracy involved 1000 kilograms or

more of marijuana, you should indicate "1000 kilograms or more of marijuana." If, however, some jurors conclude that the conspiracy involved 1000 kilograms or more of marijuana and the rest of the jurors conclude that it involved between 100 kilograms and 1000 kilograms of marijuana, you may not indicate that the conspiracy involved "1000 kilograms or more of marijuana." Under those circumstances, however, you should indicate "at least 100 kilograms of marijuana" because all of you would be in agreement that the conspiracy involved at least 100 kilograms of marijuana.

> See Apprendi v. New Jersey, 530 U.S. 466 (2000); United States v. Thomas, 274 F.3d 655 (2d Cir. 2001) (en banc); United States v. Gonzalez, 420 F.3d 111, 125 (2d Cir. 2005); United States v. Martinez, 987 F.2d 920, 925-26 (2d Cir. 1993) (noting that a co-conspirator "should not be sentenced for certain conspiratorial acts unless there is proof that he knew or should have known about the details of these conspiratorial acts"); United States v. Velasquez, 28 F.3d 2, 5 (2d Cir. 1994) (holding that the "reasonable foreseeability" requirement does not apply to conduct "that the defendant personally undertakes" and that the Sentencing Guidelines, including the definition of relevant conduct in U.S.S.G. § 1B1.3, "are simply an extension of the statutory sentencing scheme"); United States v. Chalarca, 95 F.3d 239, 243 (2d Cir. 1996) ("[T]he quantity of drugs attributed to a defendant need not be foreseeable to him when he personally participates, in a direct way, in a jointly undertaken drug transaction.") (construing the Sentencing Guidelines); United States v. Castrillon, 376 F.3d 46, 47 (2d Cir. 2004) (per curiam) (same) (construing 21 U.S.C. § 846).

## REQUEST NO. 16

### Venue

In addition to the elements I have described for you in the Indictment, you must also decide whether any act in furtherance of the crimes occurred within the Southern District of New York. I instruct you that the Southern District of New York includes all of Manhattan, New York, and the Bronx, New York.

I should note that on this issue — and this issue alone — the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crimes charged occurred in the Southern District of New York. If you find that the Government has failed to prove this venue requirement by a preponderance of the evidence, then you must acquit the defendant of the charge that you are considering.

> Adapted from the charge of the Honorable Charles S. Haight, Jr. in
> United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991) (wire fraud),
> and from Sand et al., Modern Federal Jury Instructions, Instr. 3-11.

> See 18 U.S.C. § 3237 (general venue provision for offenses
> beginning in one district and ending in another). See also United
> States v. Gonzalez, 922 F.2d 1044, 1054-55 (2d Cir. 1991)
> (affirming that venue is governed by a preponderance standard).

## REQUEST NO. 17

## The Defendant's Testimony

### [If Applicable]

The defendant, _____, has taken the witness stand.  You should examine and evaluate his testimony just as you would the testimony of any other witness in the case.

Adapted from United States v. Gaines, slip. op. No. 04-5616-cr (2d Cir. July 20, 2006), at 18.

## REQUEST NO. 18

### The Defendant's Right Not to Testify

#### [If Requested By The Defendant]

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand et al., Modern Federal Jury Instructions, Instr. 5-21.

## <u>REQUEST</u> <u>NO.</u> <u>19</u>

### <u>Use</u> <u>Of</u> <u>Evidence</u> <u>Obtained</u> <u>Pursuant</u> <u>To</u> <u>Search</u>

You have heard testimony about evidence seized in various searches.  Evidence obtained from these searches was properly admitted in this case, and may be properly considered by you.  Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the defendants' guilt beyond a reasonable doubt.

Adapted from the charges of Judge Pierre N. Leval in <u>United</u> <u>States</u> v. <u>Ogando</u>, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), <u>aff'd</u>, 968 F.2d 146 (2d Cir. 1992) and in <u>United</u> <u>States</u> v. <u>Mucciante</u>, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

## REQUEST NO. 20

## Use of Recordings and Transcripts

Tape recordings of conversations and transcripts of those recordings have been admitted into evidence. Whether you approve or disapprove of the recording of those conversations may not enter your deliberations. I instruct you that these recordings were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant.

In connection with these tapes, you heard testimony that the conversations were in large part in Patois. For that reason, it was necessary for the Government to obtain translations of those conversations into English. The transcripts of those conversations embody the testimony of the interpreter [called by the Government to testify] [whose testimony was set forth in a stipulation]. These transcripts were admitted into evidence. To the extent that you accept or reject the testimony of that interpreter, you may accept or reject the transcripts themselves of the Patois conversations. Remember that the jury is the ultimate fact-finder and, as with all of the evidence, you may give the transcripts such weight, if any, as you believe they deserve.

Adapted from the charges of Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992) and of the Honorable John G. Koeltl in United States v. Alvarado-Matriller, 94 Cr. 723 (JGK) (S.D.N.Y. 1995).

See United States v. Ulerio, 859 F.2d 1144, 1145 (2d Cir. 1988) (not abuse of discretion to admit foreign language transcripts in evidence); United States v. Vasquez, 605 F.2d 1269, 1272 & n.4 (2d Cir.) (proper to play Spanish language tapes and to provide translated transcripts to jury, with cautionary instruction that

32

jury is ultimate factfinder), <u>cert</u>. <u>denied</u>, 444 U.S. 981 (1979); <u>United States</u> v. <u>Llinas</u>, 603 F.2d 506, 508-09 (5th Cir. 1979) (transcripts embody testimony of interpreter; proper to provide transcripts to jury because interpreter available to testify to accuracy), <u>cert</u>. <u>denied</u>, 444 U.S. 1079 (1980).

## <u>REQUEST NO. 21</u>

### <u>Similar Act Evidence</u>
**[If Applicable]**

The Government has offered evidence tending to show that on a prior occasion

_____ engaged in conduct similar to the charges in the Indictment.  In that connection, let me

remind you that the _____ is not on trial for committing this act not alleged in the Indictment.

Accordingly, you may not consider this evidence of the similar act as a substitute for proof that

_____committed the crime charged.  Nor may you consider this evidence as proof that_____

has a criminal personality or bad character.

The evidence of the other, similar act was admitted for a much more limited

purpose and you may consider it only for that limited purpose.  If you determine that _____

participated in the acts charged in the Indictment and the similar acts as well, then you may, but

you need not, draw an inference that in participating in the acts charged in the Indictment, _____

acted knowingly and intentionally and not because of some mistake, accident or other innocent

reasons.  Evidence of similar acts may not be considered by you for any other purpose.

Specifically, you may not use this evidence to conclude that because _____ committed the

other act he must also have committed the acts charged in the indictment.

Adapted from Sand <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, citing
<u>Huddleston</u> v. <u>United States</u>, 485 U.S. 681 (1988); <u>United States</u> v.
<u>Brauning</u>, 553 F.2d 777, 781 (2d Cir. 1977).

34

## REQUEST NO. 22

### Law Enforcement Witnesses

You have heard testimony of law enforcement officials.  The fact that a witness may be employed by the Government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, defense counsel may try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 5-25.

## REQUEST NO. 23

### Expert Testimony

### [If Applicable]

You have heard testimony from what we call expert witnesses.  They are witnesses who by education or experience have acquired learning or experience in a science or a specialized area of knowledge.  Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be expert and give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses.  You should consider the expert opinions which were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, of if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education and experience, and the other evidence does not give you reason to doubt [his/her] conclusions, you would be justified in placing great reliance on [his/her] testimony.

Adapted from the charge of Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992) and from the charge of Judge Michael B. Mukasey in United States v. Mensah, 91 Cr. 705 (MBM) (S.D.N.Y. 1991).

36

## REQUEST NO. 24

## Cooperator Testimony

You have heard witnesses who testified that they were actually involved in planning and carrying out the crimes charged in the Indictment.  There has been a great deal said about these so-called accomplices or cooperating witnesses in the summations of counsel and about whether you should believe these witnesses.

In cases such as these, the Government often must rely on the testimony of witnesses who admit participating in the alleged crimes at issue.  The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution, because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

The testimony of such accomplices is properly considered by the jury.  If accomplices could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable.

For these very reasons, the law allows the use of accomplice testimony.  Indeed, it is the law in federal courts that the testimony of an accomplice may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

However, because of the possible interest an accomplice may have in testifying, an accomplice's testimony should be scrutinized with special care and caution.  The fact that a witness is an accomplice can be considered by you as bearing upon his or her credibility. However, it is not true that, simply because a person has admitted participating in one or more crimes, he or she is incapable of giving a truthful version of what happened.

Like the testimony of any other witness, accomplice witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into

account the witness's demeanor and candor, the strength and accuracy of his or her recollection, his or her background, and the extent to which the testimony is or is not corroborated by other evidence in the case.

You may consider whether an accomplice witness — like any other witness called in this case — has an interest in the outcome of the case, and if so, whether it has affected his or her testimony.

You heard testimony about agreements between the Government and a few of the witnesses.  I caution you that it is no concern of yours why the Government made an agreement with a witness.  Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of an accomplice witness, you should ask yourselves whether the accomplice would benefit more by lying, or by telling the truth.  Was the accomplice's testimony made up in any way because the accomplice believed or hoped that he or she would somehow receive favorable treatment by testifying falsely?  Or did the accomplice believe that his or her interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him or her to lie, or was it one that would cause him or her to tell the truth?  Did this motivation color his or her testimony?

If you find that the testimony was false, you should reject it.  However, if, after a cautious and careful examination of an accomplice witness's testimony and demeanor on the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be

decided in an all-or-nothing fashion.  Even if you find that a witness testified falsely in one part,

you still may accept his or her testimony in other parts, or you may disregard all of it.  That is a

determination entirely for you.

> Adapted from the charge approved in United States v. Projansky, 465 F.2d 123, 136-37 n.25 (2d Cir.), cert. denied, 409 U.S. 1006 (1972), from the charge of Judge John F. Keenan in United States v. Carrero, 91 Cr. 365 (S.D.N.Y. 1991), and from Sand, Modern Federal Jury Instructions, Instr. 7-5.  See United States v. Gleason, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part." (citations omitted)), cert. denied, 444 U.S. 1082 (1980); United States v. Cheung Kin Ping, 555 F.2d 1069, 1073 (2d Cir. 1977). See also United States v. Swiderski, 539 F.2d 854, 860 (2d Cir. 1976) (can be reversible error not to give accomplice witness charge if requested by defense).

## **REQUEST <u>NO. 25</u>**

### **<u>Cooperator</u> <u>Testimony</u> - <u>Guilty</u> <u>Plea</u>**

You have heard testimony from a Government witness who has pleaded guilty to charges arising in part out of the same facts that are at issue in this case.  You are instructed, however, that you are to draw  no conclusions or inferences of any kind about the guilt of the defendant on trial merely from the fact that a prosecution witness pleaded guilty to similar charges.  The decision of that witness to plead guilty was a personal decision that witness made about that witness's own guilt.  It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

> Adapted from Sand, <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instr. 7-10.
> <u>See</u> <u>United</u> <u>States</u> v. <u>Ramirez</u>, 973 F.2d 102, 104-06 (2d Cir. 1992)
> (specifically approving charge and holding that it is reversible error
> not to give charge if requested, unless there is no significant
> prejudice to defendant).

## REQUEST NO. 26

### Particular Investigative Techniques Not Required

### [If Applicable]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by law enforcement authorities. There is no legal requirement that the Government prove its case through any particular means. While you are to carefully consider the evidence presented by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques. The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

Adapted from the charge of Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge of Judge John F. Keenan in United States v. Medina, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

41

**<u>REQUEST</u> <u>NO.</u> <u>27</u>**

**<u>Preparation</u> <u>of</u> <u>Witnesses</u>**

**[If Applicable]**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

The weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Charge of the Honorable Michael B. Mukasey in <u>United</u> <u>States</u> <u>v.</u> <u>Abdul</u> <u>Latif</u> <u>Abdul</u> <u>Salam</u>, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

## **REQUEST NO. 28**

### **Uncalled Witness - Equally Available or Unavailable to Both Sides**

### **[If Applicable]**

There are people whose names you heard during the course of the trial but did not appear to testify. One or more of the attorneys has referred to their absence from the trial. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.


Adapted from Sand, Modern Federal Jury Instructions, Instr. 6-7.

43

**<u>REQUEST NO. 29</u>**

**<u>Persons Not on Trial</u>**

You may not draw any inference, favorable or unfavorable, towards the

Government or the defendant from the fact that any person other than the defendant is not on trial

here.  You may also not speculate as to the reasons why any other person is not on trial.  Those

matters are wholly outside your concern and have no bearing on your function as jurors.


Adapted from Judge Werker's charge in <u>United States</u> v. <u>Barnes</u>, 77
Cr. 190 (Nov. 29, 1977), <u>aff'd</u>, 604 F.2d 121 (2d Cir. 1979).

**REQUEST** NO. **30**

**Stipulations**

[If Applicable]

In this case you have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations that contain facts that were agreed to be true.  You must accept the facts in those stipulations as true.

Adapted from Judge Cote's charge in United States v. Fernandez, 71 Cr. 1169 (S.D.N.Y. 2003).

## **REQUEST NO. 31**

### **Conclusion**

Your function now is to weigh the evidence in this case and to determine the guilt or innocence of each defendant.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  To return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement.  Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.  Remember at all times, you are not partisans.  You are judges — judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy.

Dated:      New York, New York
            September 8, 2008


                              Respectfully submitted,

                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York


                    By:    _____/s/_____
                              Jocelyn E. Strauber
                              John T. Zach
                              Assistant United States Attorneys
                              (212) 637-2473/2410

## CERTIFICATE OF SERVICE

JOHN T. ZACH deposes and says that he is employed in the Office of the United

States Attorney for the Southern District of New York, and that on September 8. 2008, he caused

a copy of the within Government's Proposed Requests to Charge to be served electronically on:

> Jeremy Schneider
> Rothman, Schneider, Soloway & Stern LLP
> 100 Lafayette Street, Suite 501
> New York, NY 10013

by causing a copy of same to be served and filed via the Court's electronic case filing system, and

by electronic mail.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct.

Dated: New York, New York
       September 8, 2008


_____/s/_____
John T. Zach